# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:12-CR-181-ALM-CAN |
| | § | |
| JASON TYLER ELLIS (23) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant Jason Tyler Ellis's ("Defendant") supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on September 16, 2021, to determine whether Defendant violated his supervised release. Defendant was represented by Brian O'Shea of the Federal Public Defender's Office. The Government was represented by Sean Taylor.

Defendant was sentenced on August 26, 2014, before The Honorable Richard A. Schell of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Distribute and Possess with Intent to Distribute 50 Grams or More of Methamphetamine and 5 Grams or More of Methamphetamine (Actual), a Class B felony. This offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 29 and a criminal history category of IV, was 121 to 151 months. Defendant was subsequently sentenced to 55 months imprisonment followed by a 4-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug testing and treatment, mental health treatment, $100 special assessment, and a 5-year period of federal benefits ineligibility. On March 9, 2018, Defendant completed his period of imprisonment and began service of the supervision term. On August 12, 2016, this case was reassigned to The Honorable Amos L. Mazzant, III.

On October 23, 2020, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 1418, Sealed]. The Petition asserts that Defendant violated five (5) conditions of supervision, as follows: (1) The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance; (2) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (3) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer; (4) The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the United States Probation Office, until such time as the defendant is released from the program by the probation officer. The defendant shall pay any cost associated with treatment and testing; and (5) Under the guidance and direction of the United States Probation Office, the defendant shall participate in any combination of psychiatric, psychological, or mental health treatment as deemed appropriate by the treatment provider. The defendant shall pay any cost associated with treatment and testing [Dkt. 1418 at 1-2, Sealed].

The Petition alleges that Defendant committed the following acts: (1) (2) On January 8 and January 10, 2019, Defendant submitted urine specimens which tested positive for amphetamine. Defendant admitted both verbally and in writing to using methamphetamine. On June 28, August 19, and September 30, 2020, Defendant submitted urine specimens which tested positive for amphetamine. On June 28, 2020, Defendant admitted both verbally and in writing to using methamphetamine. On August 19, 2020, he verbally admitted to using methamphetamine; (3) In May 2020, Defendant began residing at 13595 Northeast First Street, Silver Springs, Florida.

Defendant verbally admitted that both he and the homeowner, Michael Klopp, actively used methamphetamine throughout the duration of Defendant's residential occupancy, extending to October 2020; (4) Defendant was instructed to attend weekly outpatient substance abuse group counseling at Conroys Choices, Ocala, Florida.  Defendant has not attended treatment as instructed since August 8, 2020; and (5) Defendant was instructed to attend biweekly individual counseling sessions at Options of Marion County, Ocala, Florida, where he received mental health treatment for co-occurring disorders.  Defendant has not attended treatment as instructed since August 18, 2020 [Dkt. 1418 at 1-2, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to allegations 1 and 2 of the Petition.  The Government dismissed allegations 3, 4, and 5.  Having considered the Petition and the plea of true to allegations 1 and 2, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court [Dkt. 1446].

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of imprisonment of fifteen (15) months, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in a Bureau of Prisons facility in Central Florida, if appropriate.   **SIGNED this 1st day of October, 2021.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE